IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LENNOX E. MONTROSE | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-17-2786 |
| GROUNDLEASE MGMT, LLC | * | |
| Defendant | * | |

***

## MEMORANDUM

Self-represented plaintiff Lennox Montrose filed suit against "Groundlease Mgmt., LLC," invoking the court's diversity jurisdiction. ECF 1; *id.* at 4. Plaintiff claims that he received a discharge from bankruptcy in this court on May 5, 2003. ECF 1 at 10 (citing case #03-50581). Despite the bankruptcy decree, Montrose asserts that defendant "submitted an erroneous claim" in another court on January 29, 2010, causing a lender to deny plaintiff's loan application for home refinancing. *Id.* He states: "Defendant, under false colors of entity identity and imperfect status as owner of record submitted an erroneous claim as against Plaintiff in another court venue on January 29, 2010." *Id.*

Montrose included with his complaint a motion for a hearing on a claim of abuse of process (ECF 2), as well as exhibits. ECF 2-1 to 2-7. In his motion, Montrose explains that among the "Schedule D – Creditors Holding Secured Claims" provided to the Bankruptcy Court was a creditor known as "Security Management Corporation," which owned a ground rent, a secured interest in the amount of $315. ECF 2 at 1. Seven years later, in the District Court for Baltimore City, by "a different party" than that listed as a secured creditor in the bankruptcy proceedings, Montrose was sued for ground rent in the amount of $315. *Id.* at 2; *see also Groundlease Management, LLC v. Lennox Montrose*, Case No. 010100034222010 (Balt. City

Dist. Ct., Jan. 29, 2010); http://casesearch.courts.state.md.us/inquiry. Montrose asserts that the filing of this claim was unauthorized because his debt was discharged in the bankruptcy proceedings and because the party pursuing the debt was not the proper party to file such a claim.

For the reasons that follow, the complaint must be dismissed and the motion denied.

**Discussion**

Montrose has paid the filing fee. He is neither a prisoner nor is he proceeding in forma pauperis. Therefore, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006), permitting sua sponte dismissal of a complaint that fails to state a claim, are inapplicable. *See Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000); *Porter v. Fox*, 99 F.3d 271, 273 n.1 (8th Cir. 1996). However, this court has the inherent authority to dismiss a case over which it does not have jurisdiction or which asserts a frivolous claim. *See, e.g.*, *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181–83 (7th Cir. 1989); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342–43 (9th Cir. 1981).

As noted, Montrose invokes this court's diversity jurisdiction as a basis for filing the instant complaint. ECF 1 at 1. Section 1332(a) of 28 U.S.C. grants jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . *citizens of different States*[.]" *Id.* § 1332(a) (emphasis added). Jurisdiction under § 1332 "requires *complete diversity* among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (emphasis

added). And, "[f]or purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Mountain State*, 636 F.3d at 103. Notably, the citizenship of an LLC or other unincorporated association "must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003).

Plaintiff has not provided information as to the citizenship of the members of the defendant, a LLC. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp*., 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994)).

Notably, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). As indicated, plaintiff has not met this burden, because he has not identified the citizenship of the members of the LLC.

In addition, Montrose claims damages of $113,294. ECF 1 at 11. He bases this claim on the amount of money he claims he would have received for the loan he was denied as a result of

the 2010 judgment against him. "The test for determining jurisdiction based upon the amount involved is primarily one of good faith." *Gauldin v. Va. Winn–Dixie, Inc.*, 370 F.2d 167, 170 n.1 (4th Cir. 1966). "[I]f it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount," the case should be dismissed for want of jurisdiction. *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Plaintiff's good faith cannot be assumed by this court where, as here, it appears to a legal certainty that the claim is really less than the jurisdictional amount of $75,000. *See St. Paul*, 303 U.S. at 289 ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

Montrose's claim of entitlement to damages in the amount of a debt he was prepared to incur defies any logical analysis of the value of this claim. Were this method of determining damages followed to its logical end, a plaintiff could apply for any loan amount, be denied the loan based on a bad credit report, sue for the loan amount, and secure a "loan" without incurring a debt. At most, Montrose's claim is worth $314, or the amount he claims was improperly collected.

Even if Montrose had satisfied the jurisdictional requirements for filing a claim in this court, this court would abstain from hearing this claim. Review of the State court's electronic docket establishes two crucial facts: (1) Montrose was served with the complaint filed in the state court proceedings and filed pleadings in opposition to the complaint; and (2) a final judgment was entered against Montrose on April 30, 2010, following a trial. Further, Montrose never appealed the judgment. *See Groundlease Management, LLC v. Lennox Montrose*, Case No.

010100034222010 (Balt. City Dist. Ct., Jan. 29, 2010); http://casesearch.courts.state.md.us/inquiry.[1]

"Under the *Rooker-Feldman*[2] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Am. Reliable Ins. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). The *Rooker-Feldman* doctrine is jurisdictional *Am. Reliable Ins. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) and, as such, this court is free to raise it *sua sponte*. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997). The state court judgment in this case was never appealed; Montrose cannot revive what is now a settled matter by filing a separate claim in this court which necessarily requires examination of the propriety of the state court's judgment.

Moreover, the claim is likely barred under the doctrine of res judicata, which precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986)). In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id*. (quoting *Peugeot Motors of America, Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)).

---

[1] A court may take judicial notice of matters of public record that constitute adjudicative facts. Fed. R. Evid. 201(b)(2); *Goldfarb v. Mayor and City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015).

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

## Conclusion

For the reasons set forth above, the complaint shall be dismissed by separate Order, which follows.

September 29, 2017  ___/s/_____
Date  Ellen L. Hollander
  United States District Judge